# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2023

Lyle W. Cayce
Clerk

No. 22-40811
Summary Calendar

———————————

Meridian Security Insurance Company,

*Plaintiff—Appellee*,

*versus*

Curtis Murphy,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CV-353

———————————

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

The district court correctly granted summary judgment against Curtis Murphy's counterclaims for breach of the duty of good faith and fair dealing. Meridian Security Insurance Company had substantial evidence that Murphy did not reside at the property on the homeowner policy's inception

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40811

date as required by the insurance contract, and it therefore had a reasonable basis to deny Murphy's insurance claim. *See Laws. Title Ins. v. Doubletree Partners, L.P.*, 739 F.3d 848, 869 (5th Cir. 2014). The court likewise did not err in granting summary judgment against Murphy's claim under Section 541.060 of the Texas Insurance Code. Undisputed evidence demonstrated that Meridian conducted a reasonable investigation, timely denied Murphy's claims, provided a reasonable explanation of the basis of that denial, and did not misrepresent material facts relating to coverage. TEX. INS. CODE §§ 541.060(a)(1)–(4), (7).

As to Murphy's asserted trial errors, the district court correctly allocated the burdens of proof, *see Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004); evidence supported the jury's verdict that Murphy did not reside at the property on the policy's inception date, *see Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 238 (5th Cir. 2001); and the jury's finding precluded Murphy's prompt payment claims, TEX. INS. CODE §§ 542.058, 542.060.

All other errors asserted by Murphy are meritless. AFFIRMED.